UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| MICHAEL DAVID RUSSELL | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | No.: 3:08-cv-292 |
| | ) | (VARLAN/GUYTON) |
| STEVE T. DOTSON, Warden | ) | |
| | ) | |
| *Respondent*. | ) | |

## **MEMORANDUM**

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the Court on the motion to dismiss filed by the Attorney General for the State of Tennessee, on behalf of the respondent; petitioner has not filed a response to the dispositive motion. For the following reasons, the motion to dismiss [Doc. 12] will be **GRANTED** and this action will be **DISMISSED**.

Petitioner Michael David Russell ("Russell") challenges his 1986 Roane County, Tennessee, convictions for armed robbery, felony jail escape (two counts), and aggravated rape (three counts). The Attorney General moves to dismiss the habeas corpus petition as untimely.

Russell pleaded guilty to the aforementioned charges and received an effective sentence of 50 years; he did not file a direct appeal. *See Russell v. Lewis*, No. E2005-02644-CCA-R3-HC, 2007 WL 2141546 (Tenn. Crim. App. July 26, 2007) (affirming denial of state habeas corpus relief). Russell subsequently filed a petition for post-conviction relief, which

was denied after an evidentiary hearing, and the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. *State v. Russell*, C.C.A. No. 171, 1988 WL 138847 (Tenn. Crim. App. Dec. 29, 1989).

In May 2005, Russell filed a petition in state court for a writ of habeas corpus, which was granted to the extent one conviction for jail escape was vacated; habeas corpus relief was denied in all other respects and the Tennessee Court of Criminal Appeals affirmed. *Russell v. Lewis*, 2007 WL 2141546 at *1. Russell filed the pending habeas corpus petition on July 22, 2008.

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the only time constraint for a state prisoner to file a § 2254 habeas corpus petition was if the respondent had been prejudiced in responding to the petition because of the delay in filing. As a result of the AEDPA, however, state prisoners now have one year in which to file a §2254 petition.

Section 101 of the AEDPA amended 28 U.S.C. § 2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id*. § 2244(d)(2).

Because Russell's sentence was imposed, and his post-conviction proceedings concluded, prior to the AEDPA, the time for filing a § 2254 motion in his case expired April 24, 1997, which was one year from the effective date of the AEDPA. *Carey v. Saffold*, 536 U.S. 214, 217 (2002). Russell's state habeas corpus petition did not toll the running of the statute of limitation because it was filed after the expiration of the statute. *See Elliott v. Dewitt*, 10 Fed.Appx. 311, 313 (6th Cir. May 8, 2001).

Russell's habeas corpus petition was not timely filed and is barred by the statute of limitation. The motion to dismiss will be **GRANTED**, the petition for habeas corpus relief will be **DENIED**, and this action will be **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The Court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

3